| | |
|---|---|
| Jennifer L. Keller (SBN 84412)<br>jkeller@kelleranderle.com<br>Chase Scolnick (SBN 227631)<br>cscolnick@kelleranderle.com<br>KELLER ANDERLE SCOLNICK LLP<br>18300 Von Karman Ave., Suite 930<br>Irvine, California 92612<br>Telephone: (949) 476-8700<br>Facsimile: (949) 476-0900<br><br>*Attorneys for Plaintiff*<br>GUARDANT HEALTH, INC. | O'MELVENY & MYERS LLP<br>ERIC J. AMDURSKY (S.B. #180288)<br>eamdursky@omm.com<br>2765 Sand Hill Road<br>Menlo Park, California 94025-7019<br>Telephone: (650) 473-2600<br><br>DAVID S. ALMELING (S.B. #235449)<br>dalmeling@omm.com<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111-3823<br>Telephone: (415) 984-8700<br><br>MEGAN K. SMITH (S.B. #307381)<br>megansmith@omm.com<br>1999 Avenue of the Stars, Suite 800<br>Los Angeles, CA 90067<br>Telephone: (310) 553-6700<br><br>*Attorneys for Defendants*<br>*Natera, Inc., Alan Selewa, and*<br>*Catalin Barbacioru* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GUARDANT HEALTH, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>NATERA, INC., a Delaware corporation; ALAN SELEWA, an individual; CATALIN BARBACIORU, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 3:25-cv-01837<br><br>**JOINT STATUS UPDATE** |

Pursuant to this Court's Order dated February 27, 2025, Dkt. No. 14, the parties met and conferred to discuss a potential resolution to Plaintiff Guardant Health, Inc.'s Ex Parte Application for Temporary Restraining Order, Order to Show Cause Why Preliminary Injunction Should Not Issue, and Order Permitting Expedited Discovery, Dkt. No. 2 ("Ex Parte Application"). Plaintiffs and Defendants Natera, Inc., Alan Selewa, and Catalin Barbacioru (collectively, "Defendants," with Plaintiff, "the Parties") met and conferred and hereby stipulate and agree to the following.

1. Guardant will withdraw its Ex Parte Application, mooting the need for the March 6, 2025 hearing on that Application. In lieu of that application, the Parties will proceed with the steps described below. Guardant reserves the right to re-file its Ex Parte Application, or seek any other appropriate relief. To the extent there is any dispute regarding any aspect of the steps listed below, the Parties shall meet and confer to see if they can resolve that dispute before raising that dispute for judicial resolution.
2. Guardant has provided, or will provide before the initiation of the below-described forensic protocol, Defendants with a list of the hash values and file names (or other agreed method of identification if hash values and file names are not available) for the files that Guardant alleges that Dr. Selewa and/or Barbacioru have removed from Guardant's servers ("Alleged Files").
3. The Parties will select an agreed third-party computer forensic analyst to perform a forensic evaluation.
4. The Parties will meet with the forensic analyst to develop an agreed protocol to analyze storage devices and locations, including the computers, drives, and storage locations.
5. The Defendants will cooperate with the examination and provide the forensic analyst access to all these agreed devices and locations.
6. The Defendants will sign a declaration confirming they will not knowingly access, transfer, or destroy the Alleged Files until this litigation is resolved, unless the Parties agree to such actions in writing by their counsel of record. If Defendants locate any of the Alleged Files, they will produce them as part of the forensic protocol and notify

counsel for Plaintiffs of such production per the terms of the forensic protocol. To the extent Plaintiff identifies any other files or information that it believes should be subject to the forensic protocol, the Parties shall meet and confer regarding such files or information. And Defendants agree that they will not knowingly use Guardant's trade secrets.

7. The parties will meet and confer regarding an appropriate protective order.
8. Nothing in the stipulation is an admission or indication of wrongdoing by any of the Defendants or of anything else by any party, and nothing therein shall be construed as a waiver of any of the parties' rights, defenses, or positions, all of which are reserved.

Stipulated and submitted,

| KELLER ANDERLE SCOLNICK LLP | O'MELVENY & MYERS LLP |
|---|---|
| */s/ Chase Scolnick* <br> Chase Scolnick | */s/ David Almeling* <br> David Almeling |
| *Counsel for Plaintiff* | *Counsel for Defendants* |